**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**BRUCE CHAMBERS**                                                                                    **PLAINTIFF**

vs.                                                                                                   No. 3:10-CV-525-CWR-LRA

**MAXIE K. MAYO, MICHAEL MAYO,**                                                                      **DEFENDANTS**
**RICHARD CALDWELL, MAYO AND**
**SONS FUEL AND ELECTRIC, INC., and**
**MAYO AND SONS INC.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, failure to join a necessary party and failure to state a claim upon which relief can be granted. Having considered the submissions of the parties, the Court finds that the motion should be granted. Plaintiff's claims against the defendants will be dismissed with prejudice for improper venue, *see,* Fed.R.Civ.P. 12(b)(3), as the Southern District of Mississippi is not the proper venue for this action.[1]

### Factual Background

Plaintiff, Bruce Chambers, filed this action in this Court on September 22, 2010 against several defendants long after the demise of the parties' business relationship.  The business deal went bad in 1987, and this is the third lawsuit from that failed venture. The first lawsuit filed in state court in Louisiana was dismissed in 2005. Apparently not satisfied with that result, Chambers filed a second suit in Louisiana federal district court. That case was dismissed in 2006.

Now, having been forced out of the courts in our sister state to the west, Chambers has now filed this action against these defendants in this Court invoking the jurisdiction of this court pursuant

---

[1] Defendants have challenged this court's personal jurisdiction over these claims. Although issues of personal jurisdiction are often considered prior to venue issues, the Court finds that the venue issue should be considered first.  *Anchor Glass Container Corporation v. Stand Energy Corp.*, 711 F.Supp. 325, 327 (S.D.Miss. 1989).

to the provisions of 18 U.S.C. §1961, 18 U.S.C. §1962(c) and 18 U.S.C. §1964(c) of the Racketeering and Corrupt Organization Act or (RICO).  See Complaint [Docket No. 1] at 1. Chambers asserts that jurisdiction is conferred on this court by 28 U.S.C. §1331 (federal question jurisdiction) *see, id*., at ¶ 1, for the federal claims and supplemental jurisdiction under 28 U.S.C. § 1367  with respect to the alleged state law claims.  *Id*. at 6-10.  Defendants contend that this Court has no right to hear the claims brought by Chambers.

## Standard of Review for Improper Venue

"The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action, or a claim, when venue in that court is improper."  *Worley v. Desoto County, Mississippi*, 2006 WL 2590616, *1  (N.D. Miss. 2006).  Consonant with this view, the propriety of venue in this RICO case should be tested under either section 1965(a), the general venue provision for federal question cases, 28 U.S.C. §1391(b), or the special venue provision for cases involving corporate defendants, 28 U.S.C. §1391(c).  Section 1391(b), authorizes venue based on the following:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Section 1391(c) provides that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

As discussed *infra*, 18 U.S.C. §1965(a) is a specific venue statute applicable to claims under RICO.  It states the following:

2

(a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

18 U.S.C. §1965.

## Discussion

The undisputed facts in this case establish that Defendants are neither residents of Mississippi nor did they conduct business in Mississippi. Moreover, in addition to taking Chambers' word that all Defendants reside in Louisiana, *see*, Complaint at ¶¶ 16- 28, 1-24, the Defendants have put forth undisputed evidence that each is a resident of Louisiana and not Mississippi. [Docket No. 6-1, 6-2, 6-3 (Exhibits A-C)]. With respect to venue concerns, it gets worse for Chambers as he has not alleged that any Defendant could be found in Mississippi nor did he even attempt to serve them in Mississippi. In fact, each defendant was personally served the summons at 900 Cypress Street, West Monroe, Louisiana. [Docket No. 5]. Not only does no Defendant reside in Mississippi, transact business in Mississippi, or have an agent in Mississippi, the alleged acts giving rise to Chambers' alleged claims, according to his own Complaint, occurred in Louisiana. *See, e.g.*, Complaint, at ¶¶ 16, 18 (bank fraud occurred at Ouachita National Bank in Louisiana); ¶ 17 (bank fraud occurred at Tallulah State Bank in Louisiana); ¶ 24 (conspiracy occurred in Ouachita Parish, Louisiana); and ¶¶ 27, 28 (perjury occurred in United States District Court for the Western District of Louisiana). *See generally, id*, at 3-5.

For his part, Plaintiff urges this Court to find that venue is established because "the plaintiff and all defendants reside in the 5th United States District Court comprising the states of Mississippi, Louisiana, and Texas." See [Docket No. 1] at 1. Presumably, Chambers is referring to the United States Court of Appeals for the Fifth Circuit, which consists of Mississippi, Louisiana and Texas. However, despite the fact that all defendants reside within the Fifth Circuit, that is not sufficient for

3

purposes of venue in this Court. Venue is established by the State and federal district within said State, *see*, 28 U.S.C. § 1391(b); not the circuit in which the federal district court sits. Although Mississippi is the place where Chambers resides, venue is not established by the residency of the plaintiff.

"Once a defendant raises the issue of proper venue, the burden of proof is placed upon the plaintiff to sustain venue as to each defendant and each claim." *Worley*, *supra*, *citing McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001); and *Orleans Limousines and Transp., Inc. v. Hurd Ins. Agency*, 2003 WL 1193681, at *2 (E.D. La. 2003). In addition to the imprudent assertion that all defendants reside in the Fifth Circuit, Chambers also makes a feeble attempt to show that a substantial part of the events giving rise to his claim occurred in Mississippi and that a substantial part of his property that is the subject of this action is situated here. In doing so, he argues that the initial contract negotiations with Defendants began in Mississippi, and that his property was removed from here in order to enter the original agreement. The Court, finds that even if this were the case, this district is still a forum unrelated to the heart of the instant case because hardly any of the predicate acts giving rise to the RICO claims occurred in Mississippi. *Anchor Glass Container Corp. v. Stand Energy Corp.*, 711 F.Supp. 325, 329 (S.D. Miss. 1989) (citing *Follet College Stores Corp. v. Fernandez*, 587 F.Supp. 1051, 1053 (N.D.Ill.1984). There has been no showing of regular, substantial and continuous activity within Mississippi so venue cannot be established. *Id*. at 330, *citing Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 918 (5th Cir. 1987); and *Miller Brewing, Inc. v. Landau*, 616 F.Supp. 1285, 1288 (E.D. Wis. 1985).

According to a great weight of authority, when venue is improper under RICO, it is appropriate to inquire whether action can be maintained under the general venue statute. *Delta Educ., Inc.v. Langlois*, 719 F.Supp. 42, 48  (D.N.H. 1989) (citing *Van Schaick v. Church*

4

*Scientology*, 535 F.Supp. 1125 (D.Mass.1982); *Van Schaick v. Church Scientology*, 535 F.Supp. 1125, 1133 n.6 (D.Mass.1982) (stating that "[t]he special venue provision found in 18 U.S.C. § 1965 is not intended to be exclusive, but is intended to liberalize the existing venue provisions."); *Anchor Glass*, 711 F.Supp. at 328 n.7; *Ancel v. Rexford Rand Corp.*, 1994 WL 539287 at *2 (N.D. Tex. 1994) (finding that venue can be established under either the general venue statute or the RICO venue statute in a RICO case). Given these facts, as the Court notes above, the Court finds venue is not proper in the Southern District of Mississippi under either the general venue statute or the RICO venue statute.[2]

Plaintiff has failed to establish this Court is a proper venue. Accordingly, Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) shall be GRANTED, and all claims are DISMISSED WITH PREJUDICE as no viable federal claims can be made against these defendants in this forum.[3]

SO ORDERED this the 27th day of April, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] Mayo and Sons Fuel and Electrical Services, Inc., which Chambers alleges is a Louisiana corporation, *see* [Docket No.1], at ¶ 8, did not establish minimum contacts with Mississippi when it did exist, thus venue is not proper for this defendant based on 28 U.S.C. § 1391(c).

[3] Having determined that it does not have jurisdiction over the federal claims, the Court will not exercise supplemental jurisdiction over any State law claim to the extent they have been properly alleged. 28 U.S.C. § 1367(c).